IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| John J. Otrompke, JD | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| The First Department Committee on | ) | |
| Character and Fitness, | ) | |
| The New York Board of Law Examiners, | ) | **20-cv-3839** |
| George Anthony Royall, | ) | |
| John Doe [the President or chief | ) | |
| executive of the New York Board | ) | |
| of Law Examiners], | ) | |
| and New York Attorney General | ) | |
| Letitia James | ) | |
| in their official capacities, | ) | |
| | ) | |
| Defendants | ) | |

COMPLAINT

Declaratory and Injunctive Relief Under 42 USC 1983, US Const. Am I, Am V, Am XIV, and the Ex Post Facto and Bills of Attainder Clause of Art. 1, Section 9

Background

1. Plaintiff graduated from DePaul University College of Law in 2000.

2. When I was called before the Committee on Character and Fitness in late 2000 in Cook County, Illinois, I was afraid the Committee would discriminate against me as a political dissident who associated with anarchists.

3. At the time, I looked at the Illinois character and fitness law, but could make neither heads nor tails of it.

4. Therefore, I hired a lawyer.

1

5. In preparing me to meet with the committee in 2000, my lawyer "poisoned the well," that is, basically, he told me to lie.

6. At the time, I feared the federal courts would give me no relief.

7. Therefore, I lied to the Committee, violating Rule of Professional Conduct 8.1.

8. When I was in law school, my main goal was to escape poverty, and if the Illinois bar regulators had drafted a rule that left open no possibility whatever that it could be used to engage in sub rosa discrimination, I would never have violated the Rules of Professional Conduct.

Recent Developments

9. Previous challenges I filed to the Illinois and Indiana character and fitness rules were dismissed by the Seventh Circuit in 2014 and 2016, because I had not submitted a timely bar application.

10. So Plaintiff took the Multistate Professional Responsibility Exam again in August 2016.

11. I passed the Uniform Bar Exam in New York in July of 2017.

12. I passed the New York Law Exam in June of 2018.

13. I submitted a bar application in New York in July 2019.

14. I have also completed the viewing of a mandatory online legal education session called, "The Orientation to the Profession."

15. I was initially scheduled to be interviewed by the New York bar in October of 2019.

16. On his own initiative, Defendant George Anthony Royall, an official with defendant The New York Board of Law Examiners, has canceled and rescheduled that date for my character and fitness "interview" multiple times.

17. On March 23 of 2020 I asked defendant Mr. Royal what else I must do to gain an attorney's license.

18. I have received no response, and still no hearing.

19. If this honorable court abstains, I hereby reserve all constitutional issues in this case for the federal courts, per England v. Louisiana Board of Medical Examiners, 375 U.S. 411 (1964).

Statutory Background

20. New York Civil Practice Law & Rule s. 9404 provides, "Unless otherwise ordered by the appellate division, no person shall be admitted to practice without a certificate from the proper committee that it has carefully investigated the character and fitness of the applicant and that, in such respects, he is entitled to admission."

21. N.Y. Court of Appeals Rule § 690.10 provides, "If the committee shall fail to recommend approval of the application following its own investigation, or following a recommendation submitted by the member or members conducting an investigation pursuant to designation that the application he disapproved or that action thereon be deferred, a hearing on the application shall be held expeditiously before the committee or a subcommittee of at least two members designated by the chairperson or acting chairperson."

22. N.Y. Court of Appeals Rule § 690.14. provides, "Where the hearing has been conducted by the committee, the committee shall make a recommendation, and where the hearing has been conducted by a subcommittee, the subcommittee shall render a report, within 60 days after the matter is finally submitted, unless the time is extended by consent of the applicant or order of the Appellate Division. The recommendation of the committee or the report of the subcommittee, as the case may be, may recommend approval or disapproval of the applicant or deferral of action on the application for a period not to exceed six months."

First Amendment and Other Possible Constitutional Implications

> **Commented [JO1]:** Other Constitutional Implications

23. As of today, I have already gone about nine months without a hearing; by operation of the aforesaid rules, if a hearing were conducted tomorrow, it could take eight months to get a final

3

24. order, making the total time between submission of my bar application and a decision on the merits 17 months, which could be an unredressable violation of due process.

24. In one case decided by the New York Committees in 2009, an individual was found to lack the prerequisite moral character for bar admission because that applicant "engaged in a pattern of inappropriate and offensive behavior at work and in law school extending from 1990 until recently," Matter of Anonymous (NY Appellate Division, Third Department, Oct. 1, 2009, 66 A.D.3d 1081 *; 885 N.Y.S.2d 648 **).

25. Before this honorable court makes a determination about abstention, Plaintiff seeks discovery into that Anonymous case cited above to see whether the "offensive and inappropriate behavior" related to speech, expression or opinion.

26. While Plaintiff was completing the legal education requirement described in para. 16 above ("Orientation to the Profession"), Plaintiff heard a bar regulatory official suggest that "The practice of law is not a right, but a privilege," which is the biggest lie ever told in a character and fitness context.

27. I also heard a bar regulatory official say the same thing while I was engaging in mandatory study for the New York Law Exam.

28. Our society is governed by laws, not men.

WHEREFORE, Plaintiff, John J. Otrompke, JD, hereby requests this honorable court to declare the above-cited rules unconstitutional in violation of the Fifth, Fourteenth, and First Amendments, and Article I s. 9 of the United States Constitution, and order Defendants to admit me to the New York bar.

John Otrompke, JD                                        Respectfully submitted,
PO Box 90
NY NY 10276
John_Otrompke@yahoo.com
(o) 347-475-0561                                         John Otrompke
(c) 847-766-4352