IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| John J. Otrompke, JD | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | 1:20-cv-03839-UA |
| | ) | |
| The First Department Committee on | ) | |
| Character and Fitness, | ) | |
| | ) | |
| et al. | ) | |

PLAINTIFF'S MOTION TO FILE A FIRST AMENDED COMPLAINT,
AND FOR A TEMPORARY RESTRAINING ORDER

Now comes Plaintiff, John J. Otrompke, JD, pro se, and in support of this motion hereby alleges as follows:

1.  Plaintiff seeks a temporary restraining order to avoid irreparable injury, which would consist of an eight-month long irremediable tort, and a chilling effect on speech in the community writ large beyond those eight months. (The order may be limited in scope as described below).

2.  The local law libraries are closed.

3.  There is currently no New York character and fitness proceeding scheduled to take place concerning Plaintiff's bar application.

Due Process Violation

4.  The New York rules state that character and fitness proceedings could take eight months (First Amended Complaint (FAC) paragraph 22).

5.  It having already been 10 months since Plaintiff submitted a bar application, I submit that 18 months of delay would be a due process violation recognized by the U.S. Supreme Court in Cleveland Board of Education v Loudermill, 470 U.S. 532 (1985) and other cases, compensable by at least nominal damages. Carey v. Piphus, 435 U.S. 247 (1978).

1

6.   But I anticipate that Defendants will argue that they enjoy immunity from suit, rendering a due

process violation suffered by Plaintiff without remedy.

7.   Yet if Defendants were to suddenly schedule a hearing, I assume the district court would be

powerless to aid Plaintiff for eight months, due to Younger v Harris abstention.

First Amendment Implications

8.   Furthermore, If Defendants have used the challenged "character and fitness" statutes to engage

in unconstitutional censorship of express, as Plaintiff alleges in paragraph 24 of the FAC, I

believe I may be entitled to facial relief.

9.   The Court should assume that compelling Plaintiff to go before the Committee would have an

unconstitutional chilling effect on community speech, because Plaintiff might prevail before the

Committee, and an unconstitutional statute might thereby evade invalidation.

10.   The pro se plaintiff cannot much better substantiate this argument without spending a few days

in a functioning law library, discovery at least into the Anonymous case (FAC paragraph 24), and

maybe a little discussion.

11.   Given recent litigation, the quarantine might end any day. "No one knows the day or hour[.]"

Matthew 24:36.


WHEREFORE, Plaintiff, John J. Otrompke, JD, hereby requests this honorable court to enter a temporary order, restraining Defendants from scheduling any further character and fitness or other proceedings concerning Plaintiff's bar application pending further order of the court, and such good and effective relief as this Honorable Court may allow.


John Otrompke, JD                                              Respectfully submitted,
PO Box 90
NY NY 10276                                                     s/John Otrompke
JOtrompke@gmail.com
(o) 347-475-0561                                               John Otrompke
(c) 847-766-4352