IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| John J. Otrompke, JD | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | 1:20-cv-03839-UA |
| | ) | |
| The First Department Committee on | ) | |
| Character and Fitness, | ) | |
| The New York Board of Law Examiners, | ) | J. McMahon |
| John Doe [the President or chief | ) | |
| executive of the New York Board | ) | |
| of Law Examiners], | ) | |
| and New York Attorney General | ) | |
| Letitia James | ) | |
| in their official capacities, | ) | |
| and George Anthony Royall | ) | |
| in his official and personal capacity | ) | |
| | ) | |
| Defendants | ) | |

<u>PLAINTIFF'S REPLY TO DEFENDANTS BRIEF IN OPPOSITION TO TRO AND PRELIMINARY INJUNCTION</u>

I ask the Court to view with tolerance my Motion, because I do not have access to a law library. Please preserve the status quo by granting the motion until the law libraries open, and allow limited discovery.

<u>INTRODUCTION</u>

Defendants have written a letter asking the court to deny Plaintiff's Motion for a TRO and preliminary injunction. Plaintiff alleges sufficient facts to justify both.

Plaintiff has put in the FAC "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant[.]" FRCP 65(b)(1)(A).

1

It appears from Defendants' counsel that there is currently no hearing scheduled, so there's no reason to abstain here. However, Plaintiff still needs a preliminary injunction, because otherwise, Defendants could simply change their mind on a whim, and schedule a character and fitness hearing, causing the two unremediable harms described below (eight months of due process tort, and a chilling effect on the community). Defendants have notion of the pendency of this Motion.

Nor does Plaintiff lack standing, because I have submitted a bar application, ten months ago. The case is also ripe for adjudication. If necessary, these issues could be brought out by means of discovery (see below).

Defendants say that a TRO / preliminary injunction is only meant to maintain the status quo. That's all I'm asking for. All I want is for the court to preserve any right I may have to seek facial judgment against the character and fitness law, and address the due process violation I allege.

The relief I'm seeking is quite limited. I just want the court to preserve the status quo, by preventing anyone from scheduling a hearing (which could last eight months long), until I can spend one week in a functioning law library, and look at the file in just one of the Committee's many cases, the Anonymous case (FAC para. 24).

Indeed, my lack of access to a law library itself should be grounds enough to grant my motion. I am a pro se litigant- indeed, a pauper- and I don't have access to a law library, including an electronic one. So I cannot write as flowery a reply as opposing counsel. Indeed, I will be lucky if I can put in even a few citations, without access to a law library. But if the court will grant my motion, I may hope to put together something that might be worthy of being called a brief.

<u>PLAINTIFF MEETS THE REQUIREMENTS FOR THE LIMITED RELIEF
AFFORDED BY A TEMPORARY STAY OR A PRELIMINARY INJUNCTION</u>

I meet the four requirements described by Defendants.

1. <u>The real possibility of irreparable harm</u>: Plaintiff submitted his bar application ten months ago, so the irreparable harm of the <u>Loudermill</u> violation has already happened. Because the rules provide for more time- an eight-month long hearing- the possibility is very real indeed. Ten plus eight equals 18 months.

2. <u>No other remedy</u>- The defendants can be expected to claim immunity from tort for the <u>Loudermill</u> violation against nominal or other damages, as well as numerous defenses including the Eleventh Amendment to the US Constitution.

3. <u>Likelihood of success on the merits-</u>

    Regarding the <u>Loudermill</u> violation, it's already happened. (Regarding opposing counsel's efforts to go into the weeds regarding the facts, see at the bottom).

    Aside from the <u>Loudermill</u> violation, the basis of my challenge to the rules is that the character and fitness law is blatantly void for vagueness. A law can be unconstitutionally vague under the Fifth and Fourteenth Amendments of the US Constitution under multiple prongs. The most frequently cited are:

    <u>Prong One</u>- The law provides insufficient guardrails to guide the decisions of enforcers, allowing them too much discretion, and creating a danger that the officials will have recourse to their own subjective prejudices in enforcing the law. Here, the <u>Anonymous</u> case raises more than a ghost of a chance that the Committees are using this law to censor and discriminate against those who offend them, interpreting the rules, as Defendants did, to bar an applicant mostly on the ground of "offensive conduct," with almost no additional description. Offensive conduct is often expressive conduct that someone else finds "inappropriate." Legal reasoning like that

sounds like an invitation to engage in the "post hoc rationalizations" described in Supreme Court cases.

<u>Prong Two</u>- On its face, the character and fitness law doesn't provide sufficient guidance to allow a bar applicant to comply with it. If I knew what I must do to gain an attorney's license, then I would meet any reasonable and morally inoffensive requirements. But the rule of law requires such regulation occur by law, not by the unguided discretion of individual officials on an ad hoc basis.

The most prominent guidance the Committees provide is an intimidating exhortation that entry into the profession is "not a right, but a privilege," which does nothing to enlighten, but serves only to bully and terrify. And it is, frankly, a falsehood, repeated multiple times every year for the past 60 years. It can be easily proven that the practice of law is a right protected by the US Constitution. <u>Schware v. Board of Bar Exam'rs</u>, 353 U.S. 232, 238-39, 77 S.Ct. 752, 755-56, 1 L.Ed.2d 796 (1957).

4. <u>The injunction is in the public interest</u>. In my motion, I'm not asking the court to make a final decision as to my license. Simply preserving the status quo poses no danger to the public. Granting this motion brings no harm to the public whatsoever.

On the other hand, it may prevent harm, by correcting 112 years of constitutional disinformation in the state courts. That's because facial relief avoids a central danger of as-applied adjudication: that the litigant might win in the state court, and an unconstitutional law be permitted to remain on the books for another 60 years.

Law is perhaps the archetypal speech-related licensed profession (<u>Lowe v SEC</u>, 472 U.S. 181 (1985) (J. White, concurring). Lawyers play a vital role in carrying on our national conversation about freedom and equality. Bar applicants are obligated to take an oath to defend the

Constitution- but first, the Committees too often make bar applicants engage in Orwellian disinformation by impressing upon them the falsehood that there is no right to practice law.

Granting the motion may even exert a salutary effect upon our society- by eliminating the chilling effect of 60 years of censorship- an unremediable harm- and bringing liberation to my fellow bar applicants.

### DEFENDANTS' COMPLEX FACTUAL AND LEGAL ARGUMENTS SHOULD BE PRESERVED FOR DISCOVERY ON THE PERMANENT INJUNCTION IF NECESSARY

Opposing Counsel's effort to get into the factual weeds of the case is inappropriate at this stage. She says Mr. Royall demanded more information from me. I can prove that I made every reasonable effort to give them every document that they requested- and then Mr. Royall simply started to ignore me. I'm not even entirely sure what documents they require from me now. Perhaps such matters as opposing counsel brings up could be addressed in discovery on the permanent injunction.

Around July of 2019, I received an email from the New York bar congratulating me for having submitted a bar application.  I'm not aware of any law that says that the Committee can demand any document from me that it wishes before it takes action on my bar application, when I don't even possess the document in question. (They not only want to cast a wide net- they want me to cast the net for them). Certainly neither the Constitution nor any Supreme Court case says that they don't have to give me a hearing if they can think up an excuse not to. Perhaps I have a Constitutional right to a hearing at which I can explain why <u>I do not have</u> the documents they have requested.

Then counsel for Defendants suggests, "We couldn't follow the Constitution's requirements for giving Mr. Otrompke a hearing at a meaningful time because of COVID." But the Southern District Court is still operating. And the quarantine does nothing at all to prevent Mr. Royall, or any of the other good people on the Committee or the Board, from working from home, just like everybody else. I'm afraid

5

COVID is just an excuse for Defendants. They don't just say that there is no right to practice law- they really believe it in their hearts, and they act accordingly.

On the other hand, if I fail at a facial challenge to the rules, I might be inclined to seek a hearing before the Committee, and try to learn what I must do to comply with the challenged character and fitness rule (thereby addressing "Prong Two" of the vagueness doctrine, compliability). If it is really necessary to submit other documents to the Committee to do that, I may be able to get them a couple of other documents if it isn't too expensive. Perhaps we could work something out in discovery. Therefore, I would ask the court to maintain jurisdiction over the case under that eventuality.

Roughly contemporaneous with this filing, I will send a subpoena duces tecum to opposing counsel seeking the contents of the <u>Anonymous</u> file.

THEREFORE, I, the Plaintiff, John J. Otrompke, JD, pro se, ask this court to enter a temporary order maintaining the status quo, and a preliminary injunction, until I have reviewed the <u>Anonymous</u> file from Defendants, and spent a week in a functioning law library. I would also request another couple of weeks or so to draft any necessary briefs.

John Otrompke, JD                                    Respectfully submitted,
PO Box 90
NY NY 10276                                          s/ John Otrompke
<u>John_Otrompke@yahoo.com</u>
(o) 347-475-0561                                     John Otrompke
(c) 847-766-4352