UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN J. OTROMPKE,<br><br>                             Plaintiff,<br><br>-against-<br><br>THE FIRST DEPARTMENT COMMITTEE ON CHARACTER AND FITNESS; THE NEW YORK BOARD OF LAW EXAMINERS; "JOHN DOE" PRESIDENT OR CHIEF EXECUTIVE OF THE NEW YORK BOARD OF LAW EXAMINERS; LETITIA JAMES; and GEORGE ANTHONY ROYALL,<br><br>                             Defendants. | 20-CV-3839 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

      Plaintiff, who is a lawyer proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. Plaintiff paid the filing fee to initiate this action. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

      The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Although the Court is ordinarily obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), because Plaintiff is a law school graduate, he is not entitled to the special solicitude usually granted to *pro se* litigants, *see Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff alleges that Defendants violated his constitutional rights in the course of his bar application process. He sues (1) the First Department Committee on Character and Fitness; (2) the New York Board of Law Examiners; (3) the Chair of the Board; (4) Attorney General Letitia James; and (5) George Royall, an official with the New York Board of Law examiners overseeing Plaintiff's application.

The following facts are taken from the complaint: In July 2017, Plaintiff passed the Uniform Bar Exam in New York. (ECF No. 3, at 2) The following year, in June 2018, he passed the New York Law Exam, and the year after that, in July 2019, Plaintiff submitted an application to the New York Board of Examiners to be admitted to the New York Bar. (*Id.*) Plaintiff was scheduled for a character and fitness interview in October 2019, but Defendant Royall "canceled and rescheduled" the character and fitness interview "multiple times." (*Id.*) In response, on March 23, 2020, Plaintiff "asked defendant Mr. Royal what else I must do to gain an attorney's license." (*Id.*) Since that date, Plaintiff has "received no response, and still no hearing." (*Id.*)

2

In support of his claims, Plaintiff references New York Court of Appeals Rules, § 690.10 and § 690.14, which provide a bar applicant with the opportunity to be heard should the Character and Fitness Committee deny him certification for approval to be admitted to the bar.[1] Plaintiff indicates that he has "gone about nine months without a hearing," and that "if a hearing were conducted tomorrow, it could take eight months to get a final order . . . which could be an unredressable violation of due process." (ECF No. 3, at 3) Plaintiff also alleges that the New York Board of Examiners relied on character and fitness investigations "to engage in censorship, and to deny admission to the bar to individuals based on "offensive" conduct, as well as speech expression or opinion." (*Id.* at 4)

In addition to Plaintiff's complaint, Plaintiff filed a motion for temporary injunctive relief. (ECF No. 4.) Defendants filed a response, stating that "Defendant Royall informed Plaintiff that his July 2019 application was incomplete in 12 different areas." (ECF No. 7, at 2.) In Plaintiff's reply, Plaintiff indicates that he is "not entirely sure what documents they require from me," and "I do not have the documents they have requested." (ECF No. 8, at 5.)

Plaintiff seeks money damages and preliminary injunctive relief.

## DISCUSSION

**A.     Standing**

The jurisdiction of the federal courts is limited to resolving "cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012). Standing to sue is a threshold requirement that prevents a plaintiff from bringing claims before a court on behalf of others. *See*

---

[1] Under § 690.14, if a hearing is conducted, the hearing committee, or subcommittee, must submit a final recommendation within sixty days. That recommendation may approve, disapprove, or defer an application for up to six months. *See* N.Y. Court of Appeals Rule § 690.14.

*Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997). "[A] plaintiff must demonstrate standing for each claim he seeks to press," *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

Standing requires a plaintiff to show (1) "an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018) (internal quotation marks and citation omitted).

Injury in fact must be (a) "concrete and particularized" and (b) "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks omitted).

Plaintiff raises two possible injuries—a due process violation from a potential "17 month" delay in processing his application, and violation of his free-speech rights under the First Amendment. Plaintiff lacks standing to bring either claim.

The due process violation that Plaintiff alleges is neither concrete nor imminent; rather, it is purely speculative. Plaintiff alleges that "*if* a hearing were conducted tomorrow, it *could* take eight months to get a final order." (ECF No. 3, at 4) (emphasis added). Plaintiff does not allege any facts suggesting that a hearing will ever be conducted. Indeed, a hearing *cannot* be conducted. Under New York Court of Appeals Rules § 690.8, "[t]he Character and Fitness Committee may not conduct an investigation or schedule a hearing until "after the applicant's completed application has been filed" and the applicant has been interviewed. Plaintiff acknowledges that he has neither completed his application nor completed an interview.

Plaintiff's alleged First Amendment injury is also speculative. He indicates that the New York Character and Fitness Committee may have impermissibly restricted speech in the past

4

when it found, in *In re Anonymous,* 66 A.D.3d 1081 (2009), that an applicant "lacked the prerequisite moral character." (*See* ECF No. 3, at 4.) But Plaintiff does not allege any continuing or present discrimination against him. He merely alleges fear that the Committee will find that he lacks character because he has associated with political dissidents. (ECF No. 3, at 1, 4.)

Therefore, because Plaintiff cannot show an injury-in-fact, there is no "case" or "controversy" over which this Court has jurisdiction. *See Gill*, 138 S. Ct. at 1929.

**B.     Temporary Restraining Order**

In addition to the complaint, Plaintiff has filed an order requesting emergency relief.[2] (ECF No. 3.) To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in Plaintiff's favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). For the same reason the Court dismissed his complaint, Plaintiff's request for preliminary injunctive relief is moot and must be denied.

## CONCLUSION

Plaintiff's request for temporary injunctive relief (ECF No. 4) and motion to supplement the reply (ECF No. 9) are denied and the complaint and amended complaint are dismissed.

---

[2] Defendants, represented by the New York Attorney General, filed a letter opposing Plaintiff's motion. (ECF No. 7.) Defendants argued that Plaintiff failed to meet any of the elements required to obtain preliminary injunctive relief. (*Id.* at 2) Defendants also argued that his request was premature because Plaintiff has not yet completed his bar application. (*Id.*)

      The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    July 23, 2020
           New York, New York

                                                          *Louis L. Stanton*
                                                              Louis L. Stanton
                                                                   U.S.D.J.