UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN OTROMPKE, JD,

                Plaintiff,

        -against-

THE FIRST DEPARTMENT COMMITTEE
ON CHARACTER AND FITNESS, *et al.*,

                Defendants.

20-CV-3839 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

       Plaintiff filed this action *pro se* regarding his admission to the New York State Bar. On July 23, 2020, the Court dismissed the complaint because Plaintiff did not have standing to bring the action. On August 6, 2020, Plaintiff filed a motion to reconsider and vacate, alter and amend the judgment, and for an extension of the 14-day limit to request reconsideration given under Local Rule 6.3.[1] The Court construes the submission also as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

       The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y.

---

[1] A request for more time to request reconsideration under Local Civil Rule 6.3 is unnecessary because Plaintiff's request is timely.

2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff has failed to demonstrate in his motion that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court dismissed this action because Plaintiff did not allege facts showing an injury-in-fact, and therefore he failed to demonstrate that there was a "case" or "controversy" over which this Court had jurisdiction. Plaintiff claims he has effectively been refused the required hearing on his application for bar admission, but his application is incomplete for lack of an affirmation from a lawyer for whom he worked in 2010. The New York Court of Appeals Rule § 690.8 requires a completed application before a hearing can be scheduled. There being no ripe case or controversy over which the Court has jurisdiction, Plaintiff's motion under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is denied.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration (ECF No. 12) is denied.

The Clerk of Court is directed to terminate any other motions.

      Plaintiff has consented to electronic service.

SO ORDERED.

Dated:   November 4, 2020
             New York, New York

                                                      *Louis L. Stanton*
                                                      Louis L. Stanton
                                                            U.S.D.J.